FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

2011 JAN 14 P 12: 07

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:10CR409 |
| ) | |
| JUAN FERNANDO MUNOZ VASQUEZ, ) | Sentencing Date: January 21, 2011 |
| a/k/a Chino ) | |
| a/k/a Cubano ) | The Honorable James C. Cacheris |
| ) | |
| Defendant. ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by its attorneys, Neil H. MacBride, the United States Attorney for the Eastern District of Virginia, Jonathan Fahey, Assistant United States Attorney, and Marc J. Birnbaum, Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553 and the United States Sentencing Commission *Guidelines Manual* (Nov. 2010), files this Position of the United States with Respect to Sentencing. The United States asks the Court to impose the statutorily required minimum sentence of 120 months.

### 1. Nature and Circumstances of the Offense

The defendant operated a prostitution organization in the Culmore area of Fairfax County, Virginia, within the Eastern District of Virginia. Customers called the defendant to arrange appointments with prostitutes. The defendant then drove the prostitutes from Maryland to the customer's location in the Culmore area. The defendant waited for the prostitute while she had sexual intercourse with the client and then drove her to the next customer. Customers paid approximately $30 for 15 minutes of sexual intercourse.



The defendant's prostitutes averaged ten customers per night and usually worked seven days per week. The prostitutes gave all of the proceeds from prostitution to the defendant. At the end of the week the defendant gave half of the money to the prostitute. A new prostitute worked for the defendant each week.

On August 27, 2010, the defendant transported a 16 year-old female prostitute from Maryland to Culmore for sexual intercourse with male clients. The next day, the defendant was stopped for a traffic violation by a Fairfax County Police Department officer. The defendant had condoms and tubes of lubrication jelly inside his vehicle.

### 2. History and Characteristics of the Defendant

This is the defendant's second criminal conviction. The defendant was convicted of a similar prostitution offense previously.

The defendant is illegally present in the United States.

The defendant accepted responsibility for his conduct and entered a timely guilty plea.

### 3. Additional Sentencing Factors

#### a. Sentencing Purposes

In assessing the appropriate sentence, the Court must consider the need for the sentence imposed: "(A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The defendant operated a prostitution organization involving a juvenile prostitute. This offense resulted in a significant cost to community and to the juvenile prostitute. The defendant

committed this offense 10 months after he was convicted of a similar crime in a state proceeding. In fact, the defendant was still subject to the suspended state jail sentence at the time of the instant offense. To protect the public and deter future violations, a significant prison sentence is appropriate, reasonable and necessary.

### b. The Sentencing Guidelines

The Sentencing Guidelines range is 78-97 months as provided in the sentencing table and 120 months as restricted. In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.") The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker*, 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

### c. Co-Defendant

Miguel Santiago Ramirez (Docket No. 1:10CR416) was arrested during the course of this investigation. Santiago Ramirez also operated a prostitution organization in the Culmore area. Santiago Ramirez's sentencing guidelines are between 10 and 16 months. However, Santiago

3

Ramirez and the defendant are not similarly situated. Santiago Ramirez's Criminal History Category is I and he did not, to the knowledge of the United States, employ a juvenile prostitute.

## CONCLUSION

Therefore, for the above-stated reasons, the United States asks the Court to impose the statutorily required minimum sentence of 120 months.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____
Jonathan Fahey
Assistant United States Attorney
Marc J. Birnbaum
Special Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3982
Email: jonathan.fahey@usdoj.gov
marc.birnbaum@usdoj.gov

4

## CERTIFICATE OF SERVICE

I certify that on January 14, 2011, I filed the foregoing Position of the United States with Respect to Sentencing with the Clerk of the Court and sent a copy of such filing to:

Alan H. Yamamoto, Esq.
634 S. Washington Street
Alexandria, Virginia 22314
(703) 684-4700
yamamoto.law@verizon.net

Marc J. Birnbaum
Virginia Bar No. 48101
Special Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3982
Email:marc.birnbaum@usdoj.gov

5