IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,           )
                                    )
            v.                      )   1:10cr00409
                                    )
JUAN FERNANDO MUNOZ VASQUEZ,        )
                                    )
      Defendant.                    )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Juan
Fernando Munoz Vasquez's ("Defendant") *pro se* Motion for
Transcripts and any Investigative Reports [Dkt. 30] (the
"Motion").[1]

### I. Background

During a plea agreement hearing held on October 27,
2010, Defendant waived his right to indictment and pleaded
guilty to transporting an individual under the age of 18 in
interstate commerce with the intent that the individual engage
in prostitution, in violation of 18 U.S.C. § 2423(a).  In his
Motion, Defendant seeks transcripts and various records from his
criminal case to assist him in preparing a post-conviction
motion pursuant to 28 U.S.C. § 2255.[2]

---

[1] As an initial matter, the Court notes that filings of a *pro se* party are
construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[2] Some of the documents Defendant requests do not exist in the record.
Because Defendant pleaded guilty to an information, there are, of course, no

## II. Analysis

An indigent defendant who is pursuing a motion under 28 U.S.C. § 2255 is entitled to free transcripts from his prior proceedings if the court finds that the § 2255 motion is not frivolous and the transcript is needed to decide the issues in the motion.  *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976).  Here, Defendant has failed to make any showing of nonfrivolousness or need, merely asserting that the requested transcripts and records are needed to assist him in preparing his § 2255 motion.  It is well settled in the Fourth Circuit that "an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).  Nor is Defendant entitled to the other records he seeks free of cost absent an explanation of why they are needed or how they will support his § 2255 motion.  *See, e.g.*, *Jennings v. United States*, No. 07-CR-113, 2010 WL 3200109, at *1 (E.D.N.C. Aug. 12, 2010) (denying defendant's request for, among other things, copies of his judgment and sentence and presentence report).  Accordingly, Defendant's request must be denied.

---

grand jury transcript, indictment, or trial transcript in this case.  Nor are there transcripts of any motion hearings or any private investigative reports.  In addition to these non-existent documents, Defendant seeks transcripts of the plea agreement and sentencing, "all *Brady* and *Jenks* [sic] material," and all discovery items turned over to defense counsel.

### III.  Conclusion

For these reasons, the Court will deny Defendant's

Motion.

An appropriate Order will issue.


                                    /s/
_____
October 3, 2011                 James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE